UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
ELSIE OUTRAM,

                        Plaintiff,                                        REPORT AND
                                                                                                                                                                                                        RECOMMENDATION

    -against-

                                                                                                                                                                                                            CV 08-3437 (ADS) (ETB)

KEITH OUTRAM,

                        Defendants.
------------------------------------------------------------------------X

TO THE HONORABLE ARTHUR D. SPATT, United States District Judge:

      Plaintiff, Elsie Outram, commenced this action on August 21, 2008 against her son, defendant Keith Outram, to recover damages for conversion, misappropriation, fraud and breach of fiduciary duty. Keith Outram failed to answer the Complaint or otherwise appear in this action. By Order dated January 7, 2009, Judge Spatt entered a default judgment against Keith Outram and referred the matter to the undersigned for a recommendation with respect to damages. An inquest was held before the undersigned on January 14, 2010.

<u>FACTS</u>

      On September 29, 2006, plaintiff signed a Durable Power of Attorney Effective at a Future Time ("Power of Attorney"), appointing her son, Keith Outram, as her attorney-in-fact and granting him certain powers enumerated therein, contingent upon a physician certifying, in writing, that plaintiff was disabled, incapacitated or incompetent. (Am. Compl. ¶¶ 19-22; Tr. 9; Pl. Ex. 1.) No physician certification was ever issued concerning plaintiff's physical or mental health. (Am. Compl. ¶ 23; Tr. 9.)

-1-

Without plaintiff's consent or authorization, on October 3, 2006, Keith Outram used the Power of Attorney to place his name on plaintiff's Citibank bank account and executed a signature card for the account.[1]  (Tr. 11; Pl. Ex. 2.)

Despite the absence of a physician certification, on October 12, 2006, Keith Outram, without plaintiff's authorization, presented former third-party defendants Northwestern Mutual Investment Services ("Northwestern") and/or Pershing LLC ("Pershing") with the Power of Attorney.[2]  (Am. Compl. ¶ 23.)  Northwestern and/or Pershing then issued a check to plaintiff in the amount of $114,519.39, which Keith Outram deposited into plaintiff's Citibank account without her knowledge or consent.  (Am. Compl. ¶ 23; Tr. 12-13; Pl. Ex. 3.)  In addition, on October 13, 2006, Keith Outram used the Power of Attorney to instruct former third-party defendant Hartford Life Insurance Company ("Hartford") to wire transfer $89,200.53 to plaintiff's Citibank account without her knowledge or consent.[3]  (Am. Compl. ¶ 24; Tr. 13; Pl. Ex. 4.)

On October 16, 2006, Keith Outram used the Power of Attorney to wire transfer $100,000 from plaintiff's Citibank account to an unknown international account.  (Am. Compl. ¶ 25; Tr. 13; Pl. Ex. 4.)  Between October 16, 2006 and October 23, 2006, Keith Outram transferred an additional $90,714.67 from plaintiff's Citibank account.  (Tr. 13-14; Pl. Ex. 4, 7.)  Plaintiff did not authorize or consent to any of these withdrawals by Keith Outram.  (Am. Compl. ¶ 26; Tr.

---

[1] Citibank was also named as a defendant in the within action but plaintiff subsequently settled those claims.  (Tr. 15; Pl. Ex. 5.)

[2] Plaintiff has settled her claims against Northwestern and Pershing.  (Tr. 15; Pl. Ex. 5.)

[3] Plaintiff has also settled her claims against Hartford.  (Tr. 15; Pl. Ex. 5.)

13-14.)

Plaintiff seeks to recover damages from Keith Outram in the amount of $180,907.58, which includes the following: (1) $96,079.25 in actual damages, which reflects the amount already received in settlement funds; (2) $54,959.05 in pre-judgment interest, calculated through January 7, 2010; (3) $2,965.60 in disbursements; (4) $1,934.00 in medical expenses that plaintiff had to borrow from her daughter as a result of Keith Outram's misappropriation of her funds; and, (5) $24,969.98 in legal fees.[4]

DISCUSSION

I.  Default Judgment

When a party fails to appear or defend an action by an adverse party, a default may be entered against the non-appearing party. See Fed. R. Civ. P. 55. "While a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages." Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992) (citations omitted). Rather, damages must be proven, usually "in an evidentiary proceeding in which the defendant has an opportunity to contest the amount" claimed. Id. Plaintiff is "entitled to all reasonable inferences" from the evidence it offers. Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981).

---

[4] Plaintiff withdrew her request for punitive damages at the inquest held before the undersigned on January 14, 2010. (Tr. 25.)

-3-

II. Calculation of Damages

    A. Actual Damages

The evidence submitted by plaintiff at the inquest establishes that Keith Outram withdrew $196,079.25 from plaintiff's Citibank account without plaintiff's knowledge or consent. However, Federal Rule of Civil Procedure 54(c) "limits the damages recoverable by a plaintiff following a default judgment to the type and quantity of damages demanded in the complaint . . . ." Ames v. Stat Fire Suppression, Inc., 227 F.R.D. 361, 362 (E.D.N.Y. 2005); see also Fed. R. Civ. P. 54(c) ("A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings."). Accordingly, plaintiff may not recover money damages in excess of that pleaded in her Amended Complaint.

Here, the Amended Complaint clearly states that the damages incurred by plaintiff amount to $190,714.67. After deducting the funds that plaintiff has already received from the settling defendants, the amount of actual damages due and owing amounts to $90,714.67. Accordingly, plaintiff is only entitled to recover that amount from the defaulting defendant.

Based on the foregoing, I recommend that plaintiff be awarded damages in the amount of $90,714.67.

    B. Medical Expenses

As part of her damages request, plaintiff seeks to be reimbursed for $1,934 that she was forced to borrow from her daughter to cover certain medical expenses that she was unable to pay for due to Keith Outram's misappropriation of her funds. (Pl. Statement of Damages 2.) However, these damages are not pleaded anywhere in plaintiff's Amended Complaint. As stated above, Federal Rule of Civil Procedure 54(c) "limits the damages

recoverable by a plaintiff following a default judgment to the type and quantity of damages demanded in the complaint . . . ." Ames, 227 F.R.D. at 362. Accordingly, plaintiff is not entitled to recover such damages and I recommend that plaintiff's request for $1,934 in medical expenses be denied.

    C.    Prejudgment Interest

Plaintiff seeks prejudgment interest pursuant to New York CPLR § 5001. "In a diversity case, state law governs the award of prejudgment interest." Toyota Tsusho Am., Inc. v. Siegel, No.08 Civ. 10114, 2010 U.S. Dist. LEXIS 2220, at *16 (S.D.N.Y. Jan. 7, 2010) (quoting Schipani v. McLeod, 541 F.3d 158, 164 (2d Cir. 2008)) (additional citation omitted). New York state law provides that "prejudgment interest of 9% is to be awarded for claims arising from 'an act or omission depriving or otherwise interfering with title to, or possession or enjoyment of, property.'" Toyota Tsusho, 2010 U.S. Dist. LEXIS 2220, at *16 (citing N.Y. C.P.L.R. §§ 5001, 5004). This provision governs claims for fraud, see Toyota Tsusho, 2010 U.S. Dist. LEXIS 2220, at *16 (citing cases), and conversion. See, e.g., Steinberg v. Sherman, No. 07 Civ. 1001, 2008 U.S. Dist. LEXIS 35786, at *15 (S.D.N.Y. May 2, 2008) ("Causes of action such as . . . conversion . . . qualify for the recovery of prejudgment interest under [N.Y. C.P.L.R. § 5001(a)].") (alteration in original); Briarpatch Ltd., L.P. v. Geisler Roberdeau, Inc., 513 F. Supp. 2d 1, 5 (S.D.N.Y. 2007) ("New York law provides for the awarding of . . . prejudgment . . . interest at the statutory rate of nine percent per annum in the context of . . . conversion claims."). Accordingly, plaintiff is entitled to an award of prejudgment interest.

Pursuant to CPLR § 5001, prejudgment interest is computed from "the earliest ascertainable date the cause of action existed . . . ." Toyota Tsusho, 2010 U.S. Dist. LEXIS

2220, at *16-17 (quoting N.Y. C.P.L.R. § 5001(b)).  "However, [w]here such damages were incurred at various times, interest shall be computed upon each item from the date it was incurred or upon all of the damages from a single reasonable intermediate date.'"  Toyota Tsusho, 2010 U.S. Dist. LEXIS 2220, at *17 (quoting N.Y. C.P.L.R. § 5001(b)) (additional citations omitted).  Here, the wire transfers made by Keith Outram occurred on various dates between October 12, 2006 and October 23, 2006.  Accordingly, I recommend calculating prejudgment interest from a midpoint date of October 17, 2006 through the date of judgment entered herein, at a rate of nine percent (9%) per annum, as specified in CPLR § 5001.  See Toyota Tsusho, 2010 U.S. Dist. LEXIS 2220, at *17 (calculating prejudgment interest from a midpoint date where plaintiff's damages accrued over a series of dates between September 2007 and January 2008).

> D. Post-Judgment Interest

28 U.S.C. § 1961 states that "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court."  28 U.S.C. § 1961(a).  "Such interest shall be calculated from the date of entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment."  Id.  This interest is to be "computed daily to the date of payment."  Id. § 1961(b).

"Post-judgment interest serves as a means to 'compensate the successful plaintiff for being deprived of compensation for the loss from the time between the ascertainment of the damage and the payment by the defendant.'"  Westinghouse Credit Corp. v. D'Urso, 371 F.3d 96, 101 (2d Cir. 2004) (quoting Kaiser Aluminum & Chem. Corp. v. Bonjorno, 494 U.S. 827, 835-36 (1990)).  The very language of 28 U.S.C. § 1961 ensures that an award of post-judgment

interest is mandatory in any civil case where money damages are recovered. See 28 U.S.C. § 1961(a) (stating that "[i]nterest *shall* be allowed") (emphasis added); see also Westinghouse, 371 F.3d at 100 (stating that "[t]here is no question but that the post-judgment interest awarded in this case was mandatory under § 1961"); Lewis v. Whelan, 99 F.3d 542, 545 (2d Cir. 1996) ("The award of post-judgment interest is mandatory on awards in civil cases as of the date judgment is entered."). Accordingly, I recommend that plaintiff be awarded post-judgment interest on her monetary award, to be calculated pursuant to 28 U.S.C. § 1961.

E. Attorney's Fees

"Under the American Rule[,] it is well established that attorney[s'] fees are not ordinarily recoverable in the absence of a statute or enforceable contract providing therefor." United States Fid. & Guar. Co. v. Braspetro Oil Servs. Co., 369 F.3d 34, 74 (2d Cir. 2004) (quoting Summit Valley Indus., Inc. v. United Bhd. of Carpenters & Joiners, 456 U.S. 717, 721 (1982)) (additional quotation and internal quotation marks omitted) (alterations in original); see also Bliven v. Hunt, 579 F.3d 204, 212 (2d Cir. 2009) (stating that under the American Rule, a "prevailing party in federal court litigation is not entitled to recover legal fees incurred in the conduct of that litigation") (citing Alyeska Pipeline Serv. Co. v. Wilderness Society, 421 U.S. 240, 247 (1975)). While plaintiff herein requests that she be awarded attorney's fees, she does not point to any statutory or contractual authority that would permit her to recover such fees. Nor does the undersigned find any.

Accordingly, I recommend that plaintiff's request for attorney's fees be denied.

F. Costs

"A prevailing party is . . . entitled to compensation for 'those reasonable out-of-

pocket expenses incurred by attorneys and ordinarily charged to their clients." Tatum v. City of New York, No.06-cv-4290, 2010 U.S. Dist. LEXIS 7748, at *40 (S.D.N.Y. Jan. 28, 2010) (quoting LeBlanc-Sternberg v. Fletcher, 143 F.3d 748, 763 (2d Cir. 1998)); see also Fed. R. Civ. P. 54(d)(1) (stating that "costs - other than attorney's fees - should be allowed to the prevailing party"). Here, plaintiff's costs include the following: (1) $700 in filing fees; (2) $90 in process server fees; (3) $122.10 in "search fees"; (4) $1,900 in video deposition fees; and, (5) $153.50 in transcript fees. (Pl. Ex. 7.) I find all of the foregoing expenses to be reasonable and recommend that plaintiff be awarded costs in the amount of $2,965.60.

## RECOMMENDATION

For the foregoing reasons, I recommend that plaintiff be awarded damages as follows: (1) actual damages in the amount of $90,714.67; (2) prejudgment interest, to be calculated at a rate of nine percent (9%) per annum, from October 17, 2006 through the date of judgment entered herein; (3) post-judgment interest, to be calculated pursuant to 28 U.S.C. § 1961; and, (4) costs in the amount of $2,965.60. I further recommend that plaintiff's requests to be reimbursed for certain medical expenses in the amount of $1,934 and attorney's fees in the amount of $24,969.98 be denied in their entirety.

## OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Any written objections to this Report and Recommendation must be filed with the Clerk of the Court, with a copy to the undersigned, within fourteen (14) days of service of this Report. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 72(b). Failure to file objections within fourteen (14)

days will preclude further appellate review. Thomas v. Arn, 474 U.S. 140, 145 (1985); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993); Frank v. Johnson, 968 F.2d 298, 299-300 (2d Cir. 1992).

**SO ORDERED:**

Dated: Central Islip, New York
      March 4, 2010

                                      /s/ E. Thomas Boyle
                                      E. THOMAS BOYLE
                                      United States Magistrate Judge